IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | |
|---|---|
| MICHAEL STEVE FONTENOT, JR., § | |
| TDCJ-CID # 833930, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:05-CV-0031 |
| § | |
| CHRYL GARY, Nurse Practitioner, § | |
| ROY FISHER, Unit Doctor, and § | |
| MICHAEL BRANNIGAN, Medical Director, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff MICHAEL STEVE FONTENOT, JR., acting *pro se* and while a prisoner confined in the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed *in forma pauperis*.

Plaintiff states his nose was broken in a fight at the Roach Unit on June 20, 2003. Plaintiff claims he asked that the nose be "reset, braced and/or fixed, but Dr. Fisher, . . . said that it could not be fixed, no steps were taken to keep natural shape of nose." Plaintiff says his requests to the defendants have been denied and he feels his subsequent medical complaints are attributable to the condition of his nose. Plaintiff says defendants have only responded with prescriptions of allergy medicine.

Plaintiff requests injunctive relief in the form of an order that "this disfigurement [be] corrected" and compensatory and punitive relief be awarded in unspecified amounts, as well as protection from retaliation.

**JUDICIAL REVIEW**

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

**THE LAW AND ANALYSIS**

Plaintiff makes no factual allegation concerning defendant BRANNIGAN, and it appears his claim against this defendant is based on his supervisory capacity as Medical Director of the unit. A civil rights plaintiff must establish a causal connection between the acts or omissions of the defendant and the resultant constitutional deprivation. *Reimer v. Smith*, 663 F.2d 1316, 1323 (5th Cir. 1981). This may be done by alleging either active participation by the defendant in the actions causing the deprivation of the plaintiff's constitutional rights or affirmative adoption by the

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

defendant of policies which were wrongful or illegal and which caused the constitutional deprivation. *Wanger v. Bonner*, 621 F.2d 675, 679 (5th Cir. 1980). Plaintiff has alleged neither active participation by BRANNIGAN in the actions causing the alleged deprivation of the plaintiff's constitutional rights, nor affirmative adoption by BRANNIGAN of causative policies which were wrongful or illegal. It is clear that plaintiff's sole basis for liability of defendant BRANNIGAN is *respondeat superior*; however, theories of vicarious liability, such as *respondeat superior*, cannot support a cause of action under section 1983. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Plaintiff's claim against defendant BRANNIGAN lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under Title 42, United States Codes section 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07, 97 S.Ct. 285, 291-93, 50 L.Ed.2d 251 (1976). Examples of deliberate indifference noted in *Estelle* include *Williams v. Vincent,* 508 F.2d 541, 544 (2d Cir.1974)(prison surgeon discarded the severed portion of inmate's ear in front of him and stitched the stump, explaining to the inmate that he did not need his ear)and *Martinez v. Mancusi,* 443 F.2d 921 (2d Cir.1970)(prison doctor refused to administer prescribed pain killer and rendered inmate's leg surgery unsuccessful by requiring the inmate to stand in violation of contrary instructions from his surgeon). *Estelle,* 429 U.S. at 105 n.10.

Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). The Fifth Circuit has no clear definition of what constitutes a "serious medical need;"

3

however, the Eighth Amendment is violated by an "'unnecessary and wanton infliction of pain'" *Talib v. Gilley*, 138 F.3d 211, 214 (5th Cir. 1998)(quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)(*Estelle* quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). Moreover, as established in *Helling v. McKinney*[3], the Eighth Amendment protection against deliberate indifference extends to conditions that threaten to cause serious health problems or, by extension, injury, in the future.

Plaintiff's allegations are fleshed out by the facts contained in the medical records, or Clinic Notes[4], he attached to his complaint.

Review of plaintiff's Clinic Notes reveals on June 20, 2003 he was referred to the infirmary by security for a fight and, after examination, he was given a doctor's appointment for that morning "due to swelling of nose." An abrasion and black eyes were also noted.

Upon examination, on June 20th, defendant Dr. FISHER, noted "raccoon eyes. His nose is swollen. It looks straight, outside appearance." He diagnosed raccoon eyes and a contusion to the nose and ordered an x-ray of the nose, with a follow-up visit regarding the x-ray results. Defendant Dr. FISHER also prescribed Ibuprofen for ten days.

The x-ray was taken on June 23, 2003, and plaintiff's follow-up appointment was on the 24th. At that time, Dr. FISHER opined that plaintiff had a "fracture of the nasal bone" which was "minimal and no displacement." Doctor FISHER noted in the Clinic Notes that the x-ray revealed a nasal fracture but that it was in good alignment. He opined that "It is not deviated and we cannot fix it. Cannot improve it."

---

[3]*Helling v. McKinney*, 509 U.S. 25, 35, 113 S.Ct. 2475, 2481, 125 L.E.2d 22 (1993).

[4]The Court notes the pages of the Clinic Notes are not in perfect chronological order, but each entry is dated in the column beside it.

Plaintiff was seen by defendant Dr. FISHER a year later, on June 21, 2004 for complaints that he "can hardly breathe, especially at night out of the right side." Doctor FISHER noted plaintiff breathed out of the left nostril normally but that the right may be a little restricted. He opined "there is apparently some deviation of the septum, only minimal. He prescribed a Benzoyl Peroxide Gel to be applied daily for ninety days and Benadryl to be taken each night for ten days.

Plaintiff requested a refill of his Benadryl prescription on July 1, 2004 and saw defendant GARY, RN, FNP-C, the next day. Upon examination, defendant GARY diagnosed allergic rhinitis with nasal dryness and prescribed Benadryl for two weeks and saline nasal spray.

Plaintiff saw defendant GARY on September 21, 2004 stating that he wanted his nose surgically fixed. She noted his complaints of allergy and that the break of his nose was minimal with no displacement. She noted air exchange from both nares but that his nasal passages were red, swollen and very dry, with moderate cobblestoning of the throat, which was pink. She diagnosed a broken nose with allergic rhinitis and nasal dryness and prescribed Drixorel, a nose spray, and Naproxen. She also noted there was "[n]o medical reason for surg. on nose other than cosmetic."

A failure to relieve the symptoms plaintiff complained of does not constitute the unnecessary and wanton infliction of pain necessary to rise to a constitutional dimension. Further, the medical record submitted by plaintiff reveals he has received thoughtful and responsive treatment for his broken nose and the symptoms he reported. In addition, plaintiff has alleged no fact indicating that this condition will cause him any future health problems. Consequently, the facts plaintiff recites do not give rise to a colorable civil rights claim for deliberate indifference to

5

his serious medical needs. Plaintiff's disagreement with his medical caregivers over the care of his broken nose and subsequent symptoms is insufficient to establish an unconstitutional denial of medical care. *Norton v. Dimanzana*, 122 F.3d 286, 292 (5th Cir. 1997).

It is clear that plaintiff has stated h is best case, *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986), and that the facts underlying his claims demonstrate he cannot assert a claim of constitutional dimension.

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff MICHAEL STEVE FONTENOT, JR., be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this  24th  day of June, 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE